IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RODNEY RENE JOHNSON,               )
                                   )
            Petitioner,            )
                                   )
v.                                 )        Case No. CIV-06-195-HE
                                   )
ERIC FRANKLIN and the              )
ATTORNEY GENERAL OF THE            )
STATE OF OKLAHOMA,                 )
                                   )
            Respondents.           )

## REPORT AND RECOMMENDATION

Mr. Rodney Johnson seeks habeas relief in connection with his state court conviction.

Respondent Eric Franklin seeks summary judgment, arguing that the petition was untimely.[1]

The Court should deny the Respondent's motion.[2]

---

[1]     Mr. Franklin moved for dismissal, and the Court converted the motion to one for summary judgment.  Order (Apr. 12, 2006); *see Alloway v. Jordan*, 69 Fed. Appx. 431, 433 (10th Cir. July 7, 2003) (unpublished op.) (reversing dismissal based on 28 U.S.C. § 2244(d) in light of the failure to notify the habeas petitioner of the "effective" conversion of a motion to dismiss into a motion for summary judgment).

[2]     The Court expressly ordered both respondents to file a response, but only Mr. Franklin responded.  Order for Response by Oklahoma Attorney General to Petition for Writ of Habeas Corpus at p. 1 n.1 (Mar. 20, 2006).

## Background

In state court, Mr. Johnson was convicted on state charges.[3]  The Oklahoma Court of Criminal Appeals ("OCCA") denied *certiorari* and the conviction became final on July 20, 2004.[4]

On July 20, 2005, Mr. Johnson filed two documents in state district court:

- an application for post-conviction relief[5] and

- a petition for federal habeas relief.[6]

---

[3]     *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 1-2 (file-stamped Feb. 24, 2006) ("Petition"); Plea of Guilty and Summary of Facts, *State v. Johnson*, Case No. CF-2002-5364 (Okla. Co. Dist. Ct. Mar. 5, 2003).

[4]     On April 21, 2004, the OCCA denied *certiorari* in connection with Mr. Johnson's effort to withdraw the guilty plea.  Summary Opinion Denying Certiorari, *Johnson v. State*, Case No. C-2003-866 (Okla. Crim. App. Apr. 21, 2004).  Mr. Johnson then had 90 days to file a petition for a writ of *certiorari* in the United States Supreme Court.  *See* 28 U.S.C. § 2101(c) (2000); Rule 13.1, Rules of the Supreme Court of the United States (eff. May 3, 1999).  Because Mr. Johnson did not seek review in the United States Supreme Court, his conviction became final 90 days later, on July 20, 2004.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

[5]     Application for Post-Conviction Relief, *Johnson v. State*, Case No. CF-2002-5364 (Okla. Co. Dist. Ct. July 20, 2005).

[6]     Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, *Johnson v. State*, Case No. CF-2002-5364 (Okla. Co. Dist. Ct. July 20, 2005).

The state district court denied the application for post-conviction relief,[7] and the OCCA affirmed on November 22, 2005.[8]  But the state district court never ruled on the petition for federal habeas relief and Mr. Johnson initiated the present action.[9]

## Standard for Summary Judgment

Federal statutory law does not address the standard for summary judgment in habeas proceedings.  Thus, the Federal Rules of Civil Procedure govern the Respondent's motion.[10]

The applicable rule is Fed. R. Civ. P. 56(c).  Summary judgment is necessary when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[11]   The Court makes this

---

[7]     Order Denying Application for Post-Conviction Relief, *Johnson v. State*, Case No. CF-2002-5364 (Okla. Co. Dist. Ct. Oct. 6, 2005).

[8]     Order Affirming Denial of Post-Conviction Relief, *Johnson v. State*, Case No. PC-2005-1096 (Okla. Crim. App. Nov. 22, 2005).

[9]     The habeas petition was file-stamped in this Court on Feb. 24, 2006.  *See* Petition at p. 1. But the document is deemed "filed" when "deposited in the institution's internal mailing system . . . ."  Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.  The Court need not determine the filing date because with equitable tolling, the limitations period has not expired.  *See infra* pp. 5-8.

[10]     *See* Fed. R. Civ. P. 81(a)(2).

[11]     Fed. R. Civ. P. 56(c).

determination by viewing the evidence in the light most favorable to the non-movant.[12]  But when only one reasonable outcome exists, summary judgment is necessary.[13]

### Timeliness of the Present Action

Mr. Johnson is entitled to limited statutory tolling and equitable tolling, which render the present action timely.

I.    Statute of Limitations

Under federal law, a one-year period of limitations exists for the filing of federal habeas actions.[14]  This period begins to run from "the latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[15]

II.    Computation Without Tolling

Under 28 U.S.C. 2244(d)(1)(A), Mr. Johnson had one year to file a federal habeas petition.  Ordinarily this period begins to run when the conviction became final.[16]  This date was July 20, 2004.[17]  Without statutory or equitable tolling, the limitations period would have expired one year later, on July 20, 2005.

---

[12]    *See*, *e.g.*, *Faustin v. City*, 423 F.3d 1192, 1198 (10th Cir. 2005).

[13]    *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[14]    *See* 28 U.S.C. § 2244(d)(1) (2000).

[15]    28 U.S.C. § 2244(d)(1)(A) (2000).

[16]    *See supra* p. 4.

[17]    *See supra* p. 2 & note 4.

III.    <u>Statutory Tolling</u>

Mr. Johnson is entitled to statutory tolling as a matter of law.

Federal law provides that the limitations period is tolled for a "properly filed application for State post-conviction or other collateral review."[18]  Mr. Johnson initiated post-conviction proceedings on July 20, 2005, the day that his federal limitations period would have otherwise expired.[19]  The state appellate court denied relief on November 22, 2005.[20]  Thus, Mr. Johnson is entitled to tolling of the limitations period from July 20, 2005, to November 22, 2005.[21]

IV.    <u>Equitable Tolling</u>

Equitable tolling may be appropriate when "a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period . . . ."[22]  The evidence supports application of this principle here.

---

[18]    28 U.S.C. § 2244(d)(2) (2000).

[19]    *See supra* pp. 2, 4.

[20]    *See supra* p. 3.

[21]    Mr. Johnson also filed a petition seeking federal habeas relief in state district court on July 20, 2005.  *See supra* p. 2.  But the petition was not "properly filed" for purposes of statutory tolling, as it sought federal habeas relief in state court.  *See Artuz v. Bennett*, 531 U.S. 4, 9 (2000) (an action is not "properly filed" in state court for purposes of tolling under 28 U.S.C. § 2244(d)(2) if an application is erroneously accepted by the clerk of a court lacking jurisdiction).

[22]    *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted).

On July 20, 2005, Mr. Johnson filed a petition for federal habeas relief in state court.[23] The petition bears the caption for the Western District of Oklahoma.[24] Viewing the evidence in the light most favorable to the Petitioner, the Court should conclude that he is entitled to equitable tolling for the filing of a defective pleading during the statutory period.[25]

The Tenth Circuit Court of Appeals addressed a similar issue in *Turgeau v. Administrative Review Board*, 446 F.3d 1052 (10th Cir. 2006). The issue involved timeliness, which turned on whether equitable tolling was available based on an earlier filing in an improper forum.[26] The Tenth Circuit Court of Appeals answered in the affirmative.[27] In doing so, the appeals court acknowledged that equitable tolling is available when "the claimant has actively pursued his judicial remedies by filing a *defective pleading* during the

---

[23]     *See supra* p. 2 & note 21.

[24]     Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 1, *Johnson v. State*, Case No. CF-2002-5364 (Okla. Co. Dist. Ct. July 20, 2005).

[25]     The Petitioner also urges equitable tolling on grounds of actual innocence. Amended Brief An [sic] Support of Petition for Writ of Habeas Corpus, *passim* (Mar. 9, 2006); Supplemental Brief for Motion to Admit Petition of Habeas Corpus, *passim* (June 20, 2006). The Court need not address this argument because of the availability of equitable tolling on other grounds.

[26]     *See Turgeau v. Administrative Review Board*, 446 F.3d 1052, 1058-61 (10th Cir. 2006).

[27]     *Turgeau v. Administrative Review Board*, 446 F.3d 1052, 1058-61 (10th Cir. 2006).

statutory period."[28]  Thus, the court concluded that equitable tolling was appropriate because the petitioner had initially filed the claim in the wrong court.[29]

*Turgeau v. Administrative Review Board* is controlling.[30]  As the Respondent argues, Mr. Johnson mistakenly filed the federal habeas action in state court.[31]  Like the petition in *Turgeau*, the federal habeas petition was filed in the wrong court.  Viewing the evidence in the light most favorable to Mr. Johnson, the Court should conclude that the habeas action was timely for the filing of a defective pleading during the statutory period.

---

[28]    *Turgeau v. Administrative Review Board*, 446 F.3d 1052, 1058 (10th Cir. 2006) (quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 & n.3 (1990) (emphasis added by the Tenth Circuit Court of Appeals)); *see also Herb v. Pitcairn*, 325 U.S. 77 (1945) (equitable tolling allowed when a federal suit was mistakenly filed in city court); *Burnett v. New York Central Railroad Company*, 380 U.S. 424 (1965) (excusing a late filing in federal court when counsel had mistakenly filed the claim in state court).

[29]    *Turgeau v. Administrative Review Board*, 446 F.3d 1052, 1061 (10th Cir. 2006).

[30]    The Tenth Circuit Court of Appeals has not squarely applied *Turgeau* to equitably toll the limitations period under 28 U.S.C. § 2244(d).  But the court applied similar considerations in *Burger v. Scott*, 317 F.3d 1133 (10th Cir. 2003).  There an inmate presented evidence that he had mailed a state habeas petition to the court clerk, but he failed to file the document for approximately four months.  *See  Burger v. Scott*, 317 F.3d at 1135-37, 1142-43.  The Tenth Circuit Court of Appeals applied equitable tolling, reasoning that the habeas petitioner had not slept "on his federal rights, but rather [had] believed that his state petition was sufficient to begin the State's process of reviewing his claim, thus tolling the federal statute."  *Id*. at 1143.

[31]    *See supra* p. 2 & note 21; *see also* Supplemental Brief on Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations at p. 2 (June 2, 2006) (arguing that the habeas petition was not "'properly filed' . . . because it was improperly filed procedurally under Oklahoma law").

In the dispositive motion, Respondent Franklin asserts that Mr. Johnson "has failed to show he diligently pursued his habeas claim."[32]  But a genuine issue of material fact exists regarding Mr. Johnson's diligence.

The Petitioner states that:

- he had believed that the habeas action was ongoing in light of the filing in state court and

- he had intended the filing in this court as an amendment of the habeas petition.[33]

The present record lacks any explanation by the state court about the misfiling.  Thus, a reasonable fact-finder could conclude that Mr. Johnson had been properly waiting on the state court to rule.

V.      Summary

A genuine issue of material fact exists on the issue of timeliness, and the Court should deny Respondent Franklin's summary judgment motion.

---

[32]     Brief in Support of Motion to Dismiss Time Barred Petition at p. 5 (Apr. 10, 2006); *see Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) ("this Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims" (citations omitted)).

[33]     Response to the Oklahoma Attorney Generals [sic] Motion to Dismiss Writ of Habeas Corpus at p. 2 (May 1, 2006).

## **Notice of Right to Object**

Mr. Franklin may seek review by filing an objection with the Clerk of this Court.[34]
The deadline for objections is August 18, 2006.[35]   The failure to timely object would foreclose appellate review of the suggested ruling.[36]

## **Status of the Referral**

The referral to the undersigned is terminated.   If the present recommendation is adopted, the undersigned would suggest recommitment for consideration on the merits.

Entered this 28th day of July, 2006.

_Robert E. Bacharach_

Robert E. Bacharach
United States Magistrate Judge

---

[34]     *See* 28 U.S.C. § 636(b)(1) (2000).

[35]     *See* W.D. Okla. LCvR 72.1(a).

[36]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").