### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RODNEY RENE JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. CIV-06-0195-HE |
| | ) | |
| ERIC FRANKLIN, ET AL., | ) | |
| | ) | |
| Respondents. | ) | |

### ORDER

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Robert E. Bacharach who issued his Report and Recommendation, recommending that respondent Franklin's motion to dismiss, converted to a motion for summary judgment, be denied. In particular, Judge Bacharach concluded that, while the one year statute of limitations set forth in 28 U.S.C. § 2244(d) had expired, equitable tolling should be applied to save petitioner's habeas corpus petition. The matter is before the court on respondent's objection to the Report and Recommendation.[1]

The record indicates that petitioner pled guilty in state court to five counts of raping his minor daughter, one count of forcible oral sodomy and one count of indecent exposure. After his motion to withdraw his guilty plea was denied, petitioner filed a petition for writ of certiorari in state court which was denied by the Oklahoma Court of Criminal Appeals on

---

[1]*Because respondent has objected to the Report and Recommendation, the matter is reviewed de novo. 28 U.S.C. § 636(b)(1)(C).*

April 20, 2004. Petitioner's conviction and sentence became final on July 20, 2004. On July 20, 2005, petitioner filed both a petition for post-conviction relief and a petition for writ of habeas corpus in state court. The habeas corpus petition was a form petition with a caption referencing 28 U.S.C. § 2254 and the Western District of Oklahoma. Both documents were filed by the court clerk in petitioner's underlying state criminal case. Petitioner's post-conviction application was denied by the trial court and the denial was affirmed by the Oklahoma Court of Criminal Appeals on November 22, 2005. No action was taken on the habeas corpus petition.

On February 24, 2006, petitioner filed the instant habeas corpus petition. Respondent moved to dismiss based on untimeliness asserting that the statute of limitations had expired on November 22, 2005, the date petitioner's state post-conviction application had been finally denied. See 28 U.S.C. § 2244(d)(2) (tolling the limitation period during the time a properly filed application for State post-conviction relief is pending). In his response to the motion to dismiss, petitioner stated that he "had also timely filed [a] Habeas Corpus on . . . July 20, 2005." He further stated that he was "never afforded" a copy of his habeas petition, that he was pro se and only had the assistance of an inmate legal assistant and that he never received a "reply from courts" concerning his filing. He indicates that he then filed "yet another Habeas Corpus which was to be an amended document." Respondent filed a reply arguing that the document filed in state court did not statutorily toll the limitations period because it was not a properly filed state habeas corpus petition but rather a federal habeas corpus petition mistakenly filed in the wrong court.

In the Report and Recommendation, Judge Bacharach concluded that equitable tolling should apply because petitioner filed a federal habeas petition within the statutory time period but in the wrong court. The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations." Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005). However, in general, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[Equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). In the habeas context, equitable tolling has been limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation omitted). Thus, the Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct-or other uncontrollable circumstance-prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Id. (internal citations omitted). "Simple excusable neglect is not sufficient." Id.

In Burger v. Scott, 317 F.3d 1133 (10th Cir. 2003), the court applied equitable tolling to a prisoner's federal habeas corpus petition based on the state court's failure to file his state post-conviction application for four months after it was mailed by petitioner. Burger, 317 F.3d at 1142-43. The court noted that Burger had not slept on his federal rights, but had

delivered a properly verified post-conviction application to the state court which he believed "was sufficient to begin the State's process of reviewing his claim, thus tolling the federal statute." Id. at 1143. In this case, petitioner attempted to file a federal habeas corpus petition within the limitations period which he believed was sufficient to meet the statutory deadline. Although filed in the wrong court, petitioner did not sleep on his federal rights but apparently intended to press his federal claims in a timely fashion. Thus, while the pertinent case law is not entirely clear regarding the extent to which the filing of a "defective pleading" during the statutory period constitutes an extraordinary circumstance, see,e.g., Turgeau v. Admin. Review Bd., 446 F.3d 1052, 1059 (10th Cir. 2006) (noting that neither it nor the Supreme Court had ever defined a "defective pleading" for purposes of equitable tolling), the court agrees that equitable tolling is appropriate based on the circumstances present in this case. Accordingly, the Report and Recommendation is **ADOPTED** and respondent's motion to dismiss based on untimeliness [Doc. #13] is **DENIED**.

This matter is recommitted to Judge Bacharach for further proceedings as set forth in the court's initial order of referral.

**IT IS SO ORDERED.**

Dated this 17th day of November, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE