IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RODNEY RENE JOHNSON,        )
                                               )

           Petitioner,          )
                                               )

v.                                     )     Case No. CIV-06-195-HE
                                              )

ERIC FRANKLIN and the         )
ATTORNEY GENERAL OF THE    )
STATE OF OKLAHOMA,         )
                                             )

         Respondents.      )

## REPORT AND RECOMMENDATION

The Petitioner, Mr. Rodney Johnson, is a state inmate requesting a writ of habeas corpus and an evidentiary hearing.  The Court should deny both requests.

## BACKGROUND

In state court, Mr. Johnson entered a "blind plea" to rape, forcible oral sodomy, and indecent exposure.[1]  At sentencing, the Petitioner orally moved to withdraw his plea and the state district court denied the request.  Transcript of Proceedings at p. 9, *State v. Johnson*, Case No. CF-2002-5364 (Okla. Co. Dist. Ct. July  22, 2003) ("Hearing on Motion to Withdraw").  Mr. Johnson appealed to the Oklahoma Court of Criminal Appeals ("OCCA"),[2]

---

[1]     Criminal Appeal Original Record at pp. 70-75, *State v. Johnson*, Case No. CF-2002-5364 (Okla. Co. Dist. Ct.) ("Original Record"); *see* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 1-2 (Feb. 24, 2006) ("Petition").

[2]     Brief of Petitioner, *Johnson v. State*, Case No. C-2003-866 (Okla. Crim. App. Jan. 7, 2004) ("Petitioner's Certiorari Brief").

which affirmed the denial.[3]  Mr. Johnson filed an application for post-conviction relief in state district court,[4] which denied relief on grounds of waiver and *res judicata*.[5]  The OCCA affirmed.  Order Affirming Denial of Post-Conviction Relief, *Johnson v. State*, Case No. PC-2005-1096 (Okla. Crim. App. Nov. 22, 2005).

Mr. Johnson initiated the present action, alleging:

- involuntariness of the plea,

- ineffective assistance of trial counsel,

- insufficient evidence for the conviction,

- introduction of evidence involving an uncharged crime at sentencing, and

- inadequate time to examine the presentence report.

Petition, *passim*; Amended Brief an [sic] Support of Petition for Writ of Habeas Corpus, *passim* (Mar. 9, 2006) ("Petitioner's Brief in Support"); Reply Brief to Respondents [sic] Response to Petition for Writ of Habeas Corpus, *passim* (Jan. 11, 2007) ("Petitioner's Reply").[6]

---

[3]     Summary Opinion Denying Certiorari, *Johnson v. State*, Case No. C-2003-866 (Okla. Crim. App. Apr. 21, 2004).

[4]     Application for Post-Conviction Relief, *Johnson v. State*, Case No. CF-2002-5364 (Okla. Co. Dist. Ct. July 20, 2005) ("Petitioner's Post-Conviction Brief").

[5]     Order Denying Application for Post-Conviction Relief, *Johnson v. State*, Case No. CF-2002-5364 (Okla. Co. Dist. Ct. Oct. 6, 2005).

[6]     The Respondent interprets the Petitioner's brief to include a separate habeas claim involving actual innocence.  Response to Petition for Writ of Habeas Corpus at pp. 9-16 (Dec. 29, 2006).  But the Petitioner expressly stated that his theory of "Actual Innocence" constitutes only a means to avoid a procedural default rather than a separate "constitutional claim."  Petitioner's Brief in Support at p. 1; Petitioner's Reply at p. 1.  The Court need not address the Respondent's argument involving

## STANDARD FOR HABEAS RELIEF

The applicable standard turns on whether the OCCA has addressed the merits of the claim. If not, the federal district court exercises its independent judgment on the issue. *See*, *e.g.*, *Hain v. Gibson*, 287 F.3d 1224, 1229 (10th Cir. 2002). If the OCCA did rule on the merits, the federal district court bears a "secondary and limited" role. *See Castro v. Ward*, 138 F.3d 810, 815 (10th Cir. 1998).

For factual issues, the habeas court determines only whether the state tribunal's findings were reasonable based on the evidence presented in state court. *See* 28 U.S.C. § 2254(d)(2) (2000).

For legal issues, habeas relief is available only if the state court's ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (2000). Thus, "an absolute prerequisite for petitioner's claim is that the asserted constitutional right on which it rests derive in clear fashion from Supreme Court precedent." *Carter v. Ward*, 347 F.3d 860, 863 (10th Cir. 2003) (citation omitted); *see also Parker v. Scott*, 394 F.3d 1302, 1308-1309 (10th Cir. 2005) ("Even relevant precedent of this circuit cannot prevail absent clear Supreme Court authority." (citations omitted)).

procedural default.

A decision is "contrary to" Supreme Court precedent only if that court had rendered an opinion dispositive of the claim.[7]  These circumstances may exist when the state court had:

- applied a rule that conflicted with governing Supreme Court precedents or

- reached a conclusion different from the Supreme Court on materially indistinguishable facts.

*See Williams v. Taylor*, 529 U.S. 362, 405-406 (2000) (citation omitted).

A similar test governs the objective reasonableness of the state court's legal rulings:

[A] decision is "objectively unreasonable" when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law.  It is not enough that the decision is clearly wrong or that the reviewing court would have reached a contrary decision.  In other words, . . . the state court decision must be "at such tension with governing U.S. Supreme Court precedents, or so inadequately supported by the record, or so arbitrary as to be unreasonable."

*Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir. 2006) (citation omitted).

## CLAIMS IN THE HABEAS PETITION

In the habeas petition, Mr. Johnson challenges acceptance of the plea, alleging in part that the plea was involuntary and that the legal representation was ineffective.  Petition at p. 6; Petitioner's Brief in Support at p. 3; *see* Petitioner's Certiorari Brief at pp. 3-5; Petitioner's Post-Conviction Brief at pp. 3-4.  The Court should reject the claims, as the state

---

[7]      The Tenth Circuit Court of Appeals has quoted with approval the following principle: "'If no Supreme Court precedent is *dispositive* of a petitioner's claim, then, a fortiori, there is no specific rule to which the state court's decision can be contrary.'"  *Anderson v. Mullin*, 327 F.3d 1148, 1155 (10th Cir. 2003) (quoting *Vieux v. Pepe*, 184 F.3d 59, 63 (1st Cir. 1999) (emphasis in original)).

district court and OCCA reasonably concluded that the plea was voluntary and that counsel's performance was constitutionally sufficient.

I.   Voluntariness of the Plea

"On review, a federal court may set aside a state court guilty plea only for failure to satisfy due process." *Cunningham v. Diesslin*, 92 F.3d 1054, 1060 (10th Cir. 1996) (citation omitted). The Fourteenth Amendment's Due Process Clause permits a guilty plea only if it is knowing and voluntary. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969). The plea must represent a deliberate, intelligent choice;[8] and the defendant must have "a full understanding of what the plea connotes and of its consequence."[9] "[C]oercion by the accused's counsel can render a plea involuntary." *Fields v. Gibson*, 277 F.3d 1203, 1213 (10th Cir. 2002) (citation omitted).

Voluntariness of the plea involves a question of law, but the conclusion rests on factual findings. *See Parke v. Raley*, 506 U.S. 20, 35 (1992). Findings of fact made by the state court regarding the voluntariness of the plea carry a presumption of correctness. *See Cunningham v. Diesslin*, 92 F.3d 1054, 1060 (10th Cir. 1996). To rebut this presumption, the Petitioner must present clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

---

[8]   *See Parke v. Raley*, 506 U.S. 20, 28 (1992).

[9]   *Boykin v. Alabama*, 395 U.S. at 244.

At the guilty plea hearing, Mr. Johnson said that he had reviewed the documents associated with the plea. Petition at p. 6; Hearing on Motion to Withdraw at p. 4.[10]  At the hearing on the motion to withdraw, however, Mr. Johnson claimed that his counsel had "told [him] to say yes" upon the trial court's inquiry.  Hearing on Motion to Withdraw at p. 4.

In the current action, the Petitioner claims that he was not fully aware of his rights, the nature of the proceedings, or the consequences of a guilty plea.  Petition at p. 6, *see* Petitioner's Certiorari Brief at p. 3; Petitioner's Post-Conviction Brief at p. 3.  The OCCA rejected this claim[11] and the state court's determination was reasonable.

The Petitioner signed a "Plea of Guilty and Summary of Facts" form, which reflects knowledge of the charges and the range of punishment for each crime.  Original Record, pp. 70-75.  The form indicated that the Petitioner had: (1) read and understood the document; (2) understood the nature and consequences of the proceeding; (3) read and understood the charges; (4) discussed the charges and any possible defenses with his attorney; and (5) understood the range of punishment for the crimes charged.  *Id.* at pp. 70-73.  Mr. Johnson further acknowledged that:

- he understood all of his rights if he went to trial,

- he had discussed his rights with his attorney,

- he understood he was waiving his rights through a guilty plea,

---

[10]      The guilty plea hearing was not transcribed or otherwise recorded.

[11]      Summary Opinion Denying Certiorari at p. 2, *Johnson v. State*, Case No. C-2003-866 (Okla. Crim. App. Apr. 21, 2004).

- he was pleading guilty of his own free will without coercion or compulsion of any kind, and

- he had not been forced or promised anything to enter the plea.

*Id.* at pp. 72-73.

Finally, Mr. Johnson attested that:

- he had reviewed the form with his attorney, who ultimately completed it;

- he had understood the contents and agreed with the answers contained in the form; and

- the answers on the form had been true and correct.

*Id.* at p. 74.

Mr. Johnson's affirmations on the Summary of Facts form reflect that he reviewed the form, was aware of its contents, and voluntarily and knowingly entered the plea. *See supra* pp. 6-7. Reliance on a form reflecting questions and answers is sufficient to establish that a plea of guilty is knowing and voluntary. *See Hoffman v. Young*, 23 Fed. Appx. 885, 887 (10th Cir. Oct. 12, 2001) (unpublished op.). As a result, the Court should conclude that the plea was valid.

In part, Mr. Johnson alleges involuntariness based on coercion by his trial attorney and the prosecutor regarding the sentence term. *See supra* p. 4. The OCCA rejected the claim and Mr. Johnson has not presented clear and convincing evidence to the contrary.

In his petition, Mr. Johnson claims "he was coerced by the State's Government and his trial counsel that if he did not accept the plea agreement offered, he would be found

guilty, and receive longer sentences at trial." Petition at p. 6. And in the state appeals court, the Petitioner alleged coercion through statements that if he pled guilty, he would possibly receive a 15-year sentence. Petitioner's Certiorari Brief at p. 4; Petitioner's Post-Conviction Brief at p. 4. These allegations are factually and legally invalid.

Factually, Mr. Johnson's theory of coercion is belied by the record. Prior to entry of the plea, Mr. Johnson's attorney and the prosecution negotiated. *See* Hearing on Motion to Withdraw at pp. 6-8, 30. During the negotiations, Mr. Johnson apparently believed that he was going to be offered a 15-year sentence. *Id.* at p. 8. Ultimately, however, the parties abandoned the negotiations and Mr. Johnson entered a "blind plea." *See supra* p. 1. According to the Petitioner, a "blind plea" meant that the court could sentence him to "anything from zero to a million years." Hearing on Motion to Withdraw at p. 4, *see also id.* at p. 30 (petitioner acknowledged that at the time he entered the plea, he knew that entry of a "blind plea" meant that the court could sentence him to "anything"). Mr. Johnson's acknowledgments indicate awareness that when he entered the plea, he knew he had not been promised a 15-year sentence.

A subsequent colloquy served to confirm the Petitioner's understanding of the maximum penalty and freedom of choice in his plea. At the hearing on the motion to withdraw, the following exchange occurred:

| | |
|---|---|
| THE COURT: | And you said that you did these crimes, you pled guilty. Where is his plea paperwork? |
| MS. RHONE: | This is what I took out of the court file. |

THE COURT:      And I asked you what a blind plea was?

MR. JOHNSON:    Yes.

THE COURT:      And you told me what a blind plea was?

MR. JOHNSON:    I said that it can be anything from zero to a million years.

THE COURT:      Is this your signature right here?

MR. JOHNSON:    Yes, ma'am.

THE COURT:      So you signed that acquiescing to this statement?

MR JOHNSON:     Yes.

*Id.* at pp. 4-5.

 Although there was no record of the plea hearing,[12] this exchange effectively recreated what had transpired.  Mr. Johnson's admissions show knowledge of the blind plea and he did not enter the plea through coercion.  *See Fields v. Gibson*, 277 F.3d 1203, 1214 (10th Cir. 2002) (colloquy between the defendant and trial judge regarding sentence possibilities erased any notion that the defendant had relied on misinformation as a basis for the plea). Accordingly, habeas relief is not warranted on this basis.

 Mr. Johnson's claim is also invalid as a matter of law because his attorney's alleged sentence projection would not have rendered the plea involuntary.

 The Tenth Circuit Court of Appeals rejected a similar claim in *Fields v. Gibson*, 277 F.3d 1203 (2002).  There a habeas petitioner alleged that his attorney had coerced him into

---

[12] *See supra* note 10.

a blind plea by promising that he would avoid the death penalty if he pled guilty.  *See Fields v. Gibson*, 277 F.3d at 1212-1214.  The federal district court rejected the claim and the appellate court affirmed.  *See id.* at 1211, 1222.  The Tenth Circuit Court of Appeals concluded that although trial counsel had "strongly urged" their client to accept the blind plea, they never promised him that by doing so he would not receive the death penalty.  *Id.* at 1213-14.  Indeed, the petitioner's attorneys couched their advice in terms of probabilities rather than guarantees.  *Id.* at p. 1214.  The court stated:

> "An erroneous sentence estimate by defense counsel does not render a plea involuntary.  And a defendant's erroneous expectation, based on his attorney's erroneous estimate, likewise does not render a plea involuntary." . . . [O]ne central component of a lawyer's job is to assimilate and synthesize information from numerous sources and then advise clients about what is perceived to be in their best interests.

*Id.* (citations omitted).

 *Fields v. Gibson* is controlling.  In state court, Mr. Johnson alleged enticement to enter a guilty plea "by . . . informing him that he would receive a possible fifteen (15) year sentence."  Petitioner's Certiorari Brief at p. 4.  The allegation itself belied any guarantee of a 15-year sentence upon entry of a guilty plea.  Rather, Mr. Johnson was advised only regarding the possibility of a 15-year sentence.  Under *Fields v. Gibson*, Mr. Johnson's erroneous expectation based on the advice did not render his plea involuntary.  *See supra* pp. 9-10.

II.     Ineffective Assistance of Counsel

According to Mr. Johnson, he and his attorney, Janet Cox, suffered a "breakdown in communication," which resulted in ineffective assistance.  Petition at p. 8.  In his *certiorari* petition, Mr. Johnson elaborated on this claim and alleged that Ms. Cox had failed to provide him with discovery material which would facilitate an informed decision on the plea.  Petitioner's Certiorari Brief at pp. 6-9.  The state appeals court rejected the claim[13] and that conclusion was reasonable.

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that counsel is ineffective only if his legal representation was both deficient and prejudicial.  In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court applied the *Strickland* test to a claim of ineffective assistance in plea proceedings.  In this setting, the Court stated:

> In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence . . . . The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

474 U.S. at 58-59.

For two reasons, Ms. Cox's alleged deficiency was not prejudicial.

---

[13]     Summary Opinion Denying Certiorari at p. 2, *Johnson v. State*, Case No. C-2003-866 (Okla. Crim. App. Apr. 21, 2004).

First, Mr. Johnson knowingly and voluntarily signed the "Plea of Guilty and Summary of Facts" form, which indicated that he understood the nature of the charges against him. *See supra* pp. 6-7.

Second, the Petitioner has not shown what the missing evidence would have revealed or how it would have affected his decision to enter a guilty plea.

The Tenth Circuit Court of Appeals addressed a similar situation in *Chavez v. Tansy*, 42 F.3d 1406, 1994 WL 664978 (10th Cir. Nov. 29, 1994) (unpublished op.). There the petitioner claimed that his trial counsel was ineffective for failure to interview potential witnesses and examine the State's physical evidence. *See Chavez v. Tansy*, 1994 WL 664978, Westlaw op. at 1. The petitioner contended that he had pled guilty due to these alleged shortcomings. *See id.*, 1994 WL 664978, Westlaw op. at 2. Applying the *Hill* standard,[14] the Tenth Circuit Court of Appeals concluded that the petitioner had failed to demonstrate prejudice:

> In this case, appellant has made no showing that an adequate investigation by his trial counsel would have caused him not to plead guilty. As the magistrate judge found, appellant "did not present any witnesses at the evidentiary hearing to corroborate his alibi claim," nor did he "allege[ ] any defense or exculpatory fact which could have been discovered through an examination of the physical evidence." In sum, appellant "has made no showing that further investigation by counsel would have turned up any evidence which would have led to a change in either counsel's recommendation or [appellant]'s decision to plea."[15]

---

[14]     *See supra* p. 11.

[15]     *Chavez v. Tansy*, 1994 WL 664978, Westlaw op. at 1-2.

*Chavez v. Tansy* is persuasive.  *See* Tenth Cir. R. 32.1(A).  Like the petitioner in *Chavez*, Mr. Johnson has not shown that he would have pled differently with greater investigation on the part of his counsel.  In fact, at the hearing on the motion to withdraw, the Petitioner's attorney stated: "[I]t is [Mr. Johnson's] position that the reason why he even considered the blind plea in this case is because he did not want to have his daughter to testify and go through the trauma and stress related to a trial in the matter."  Hearing on Motion to Withdraw at p. 12.  And Mr. Johnson indicated that he was still waiting for the victim to "come forward . . . [and] tell the truth" to clear his name.  *Id.* at p. 31.  These representations in state court suggested a desire to spare the victim the stress of a trial, with the hope that she would later clear his name.  Although Mr. Johnson also stated he wanted to withdraw his plea and go to trial, he did not state that his decision was based on any defense or exculpatory fact which could have been discovered through the allegedly missing "discovery materials."  Accordingly, Mr. Johnson has not shown prejudice from Ms. Cox's alleged deficiency and the Court should reject the habeas claim.  *See Gordy v. Hargett*, 37 Fed. Appx. 437, 439 (10th Cir. June 6, 2002) (unpublished op.) (attorney's failure to investigate and to prepare for trial was not prejudicial when the petitioner had failed to show "what an investigation would have revealed and how that would have affected his decision to plead guilty").

13

## ADDITIONAL CLAIMS IN THE PETITIONER'S BRIEF

In a brief, Mr. Johnson suggests additional habeas claims that are omitted from the petition. These claims involve:

- insufficient evidence for the conviction,

- introduction of evidence involving an uncharged crime at sentencing, and

- undue delay in the opportunity to examine the presentence report.

*See supra* p. 2. These claims are invalid as a matter of law.

## I.   Insufficient Evidence for the Conviction

In his brief, Mr. Johnson asserts that the evidence was insufficient for a conviction. Petitioner's Brief in Support at p. 3; *see supra* p. 2. This theory is invalid as a matter of law.

"When a criminal defendant pleads guilty in Oklahoma, he admits all of the elements of the crime with which he is charged. His admission is the evidence that convicts him." *Slayton v. Willingham*, 726 F.2d 631, 634 (10th Cir. 1984) (*per curiam*) (citation omitted). Thus, in habeas proceedings, a petitioner "waives all non-jurisdictional defenses" when he voluntarily pleads guilty. *Atkins v. State*, 386 F.2d 819, 820 (10th Cir. 1967) (*per curiam*) (citations omitted); *see also United States v. Kunzman*, 125 F.3d 1363, 1365 (10th Cir. 1997) ("Defendant's entry of an unconditional guilty plea to the charges against her waived all nonjurisdictional defenses." (citation omitted)). Because insufficiency of the evidence is

non-jurisdictional, a valid guilty plea forecloses habeas relief for insufficiency of the evidence.[16]

II.     Evidence of an Uncharged Crime in the Sentencing Proceedings

Mr. Johnson's theory involving evidence of an uncharged crime consists of only one sentence. In discussing the sentencing proceedings, Mr. Johnson states: "The prosecutor in this case elicited prejudicial information of an uncharged and untried crime to inflame, impassion, and prejudice the trial court." Petitioner's Brief in Support at p. 4. This assertion does not merit further inquiry on habeas review.

Under Oklahoma law, evidence of unadjudicated crimes may be admissible in a state sentencing hearing even when inadmissible on the issue of guilt or innocence. *See Duckett v. State*, 922 P.2d 631, 633 (Okla. Crim. App. 1996) ("this Court and the United States Supreme Court have long held that it is proper to introduce evidence of unadjudicated crimes during the sentencing phase of trial" (citations omitted)). The introduction of such evidence

---

[16]     *See Alvarado v. Sirmons*, Case No. CIV-99-148-W, slip op. at 18 (W.D. Okla. Sept. 20, 1999) (unpublished report and recommendation by magistrate judge) (stating that a guilty plea forecloses habeas relief for a state prisoner "based on insufficiency of the evidence"), *adopted* (W.D. Okla. Jan. 12, 2000) (unpublished order by district judge), *appeal dismissed*, 3 Fed. Appx. 778 (10th Cir. Jan. 22, 2001) (unpublished op.) (dismissing the appeal "for substantially the same reasons" given by the magistrate judge and district judge); *see also United States v. Riley*, 103 F.3d 145, 1996 WL 709935, Westlaw op. at 1 (10th Cir. Dec. 11, 1996) (unpublished op.) ("A defendant who voluntarily and intelligently pleads guilty waives all non-jurisdictional challenges to his conviction, including challenges based on the grounds of insufficiency of the evidence." (citation omitted)).

does not create a deprivation of due process.[17]  The absence of a due process violation is fatal to Mr. Johnson's theory for habeas relief.

### III.  Undue Delay in the Opportunity to Examine the Presentence Report

Mr. Johnson also claims insufficient time to review the presentence report.  *See supra* p. 2.  For this claim, the Petitioner relies on Fed. R. Crim. P. 32[18] and 18 U.S.C. § 3552(d).  Petitioner's Brief in Support at p. 6.  Both provisions are inapplicable.

When Mr. Johnson was sentenced, the Federal Rules of Criminal Procedure stated that they governed only "[w]hen a rule so state[d]"[19] and Rule 32 did not do so.  Because Rule

---

[17]     *See Hatch v. State*, 58 F.3d 1447, 1465 (10th Cir. 1995) ("holding that the admission of evidence of unadjudicated offenses at a sentencing proceeding does not violate due process" (footnote & citations omitted)), *overruled in part on other grounds*, *Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001) (*en banc*).

[18]     Mr. Johnson cites Fed. R. Crim. P. 32(c)(3)(A).  Petitioner's Brief in Support at p. 6.  Apparently he is referring to the version of Rule 32 that was in effect prior to December 1, 2002.  The rule then provided:

> Before imposing sentence, the court must:
>
> > verify that the defendant and defendant's counsel have read and discussed the presentence report made available under subdivision (b)(6)(A).  If the court has received information excluded from the presentence report under subdivision (b)(5) the court - in lieu of making that information available - must summarize it in writing, if the information will be relied on in determining sentence.  The court must also give the defendant and the defendant's counsel a reasonable opportunity to comment on that information . . . .

Fed. R. Crim. P. 32(c)(3)(A) (2001).  This provision was eliminated in the 2002 revisions to Rule 32.  *See* Fed. R. Crim. P. 32 - advisory committee notes: 2002 amendments.

[19]     Fed. R. Crim. P. 1(a)(2) (2003 supp.).

32(c) did not govern state proceedings, 18 U.S.C. § 3552(d) was also inapplicable.[20] And the Petitioner lacked any constitutional right to examine the presentence report any earlier than he did.[21] The lack of a constitutional entitlement is fatal to the habeas claim. *See Wetzel v. State*, 108 F.3d 1388, 1997 WL 139756, Westlaw op. at 1 (10th Cir. Mar. 24, 1997) (unpublished op.) (rejecting a habeas claim because the "failure to disclose the presentence report prior to sentencing does not violate a defendant's right to due process, nor does it otherwise violate the Constitution or laws of the United States" (citations omitted)).

---

[20]     This statute governed only when a presentence investigation was required under Fed. R. Crim. P. 32(c). *See* 18 U.S.C. §§ 3552(a), (d) (2000).

[21]     The Tenth Circuit Court of Appeals explained:

> [I]t is contended that the denial of [the plaintiff's] right to view the presentence report violated his constitutional rights. The standard prescribed by Rule 32(c), Federal Rules of Criminal Procedure, for submission of the presentence report is one of court discretion. It has been held that this is not a question of constitutional dimension.

*Johnson v. United States*, 485 F.2d 240, 242 (10th Cir. 1973) (citation omitted); *see United States v. Ainesworth*, 716 F.2d 769, 772 (10th Cir. 1983) ("it is settled that a court's denial of access to a [presentence report] does not deprive a defendant of his due process rights" (citations omitted)); *United States v. Gardner*, 480 F.2d 929, 932 (10th Cir. 1973) ("the denial of a defendant's request to see the [presentence] report is not a violation of due process" (footnote omitted)); *United States v. Stidham*, 459 F.2d 297, 299 (10th Cir. 1972) ("We have held that it is not a violation of due process to deny a defendant's request to see the presentence report." (citations omitted)); *Cook v. Willingham*, 400 F.2d 885, 885 (10th Cir. 1968) (*per curiam*) ("The trial court in its discretion may permit an inspection of the presentence report, but it is not a violation of due process to deny a request for this report." (citations omitted)); *see also Hoover v. United States*, 268 F.2d 787, 790 (10th Cir. 1959) (holding that consideration of the presentence report, "without affording [the defendant] an opportunity to contradict or rebut statements contained in the report, did not violate due process" (citation omitted)).

<u>REQUEST FOR AN EVIDENTIARY HEARING</u>

Mr. Johnson requests an evidentiary hearing "on his claims of the fundamental violations that happened during the guilty plea proceedings." Petition at p. 11; Petitioner's Brief in Support at p. 8; *see* Petitioner's Reply at p. 7. His request should be denied.

Federal law restricts the availability of evidentiary hearings when a petitioner fails to develop the factual basis of his habeas claim in state court. *See* 28 U.S.C. § 2254(e)(2) (2000). "Under the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). Ordinarily, a petitioner will be considered "diligent" only if he had requested "an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437.

The record does not reflect diligence by Mr. Johnson in requesting an evidentiary hearing in state court. There an evidentiary hearing may have been available in the *certiorari* appeal or post-conviction proceedings.[22] Nonetheless, the Petitioner did not seek an evidentiary hearing in the *certiorari* appeal[23] or in his application for post-conviction relief.[24] Thus, to justify an evidentiary hearing, the Petitioner must show that:

    (A)    the claim relies on - -

---

[22]    *See* Rule 3.11(A), Rules of the Oklahoma Court of Criminal Appeals (2003) (direct appeal); Okla. Stat. tit. 22 § 1084 (2001) (post-conviction application).

[23]    *See* Petitioner's Certiorari Brief, *passim*.

[24]    *See* Petitioner's Post-Conviction Brief, *passim*.

> (i)      a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii)     a factual predicate that could not have been previously discovered through the exercise of due diligence; and,
>
> (B)    the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A)-(B) (2000).

Mr. Johnson cannot satisfy his burden because he does not rely on:

- a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court or

- a factual predicate that had been impossible to learn earlier through the exercise of due diligence.

The Petitioner's lack of diligence in state court precludes an evidentiary hearing in connection with the habeas application.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons discussed above, the undersigned recommends denial of the requests for an evidentiary hearing and issuance of a writ of habeas corpus.

The Petitioner can object to this report and recommendation.  To do so, Mr. Johnson must file an objection with the Clerk of this Court.  The deadline for objections is April 18, 2007.  *See* W.D. Okla. LCvR 72.1(a) (2007).  The failure to timely object would foreclose appellate review of the suggested rulings.  *See Moore v. United States*, 950 F.2d 656, 659

(10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

STATUS OF THE REFERRAL

The referral is terminated.

Entered this 28th day of March, 2007.

_Robert E. Bacharach_

Robert E. Bacharach
United States Magistrate Judge