#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RODNEY RENE JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. CIV-06-0195-HE |
| | ) | |
| ERIC FRANKLIN, ET AL., | ) | |
| | ) | |
| Respondents. | ) | |

### ORDER

Petitioner Rodney Johnson, a state prisoner appearing *pro se*, instituted this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Petitioner asserts that his plea was involuntary, he received ineffective assistance of counsel, there was insufficient evidence for his conviction, evidence involving an uncharged crime was introduced at his sentencing, and his opportunity to review the presentence report was unduly delayed.

Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Robert E. Bacharach who issued his Report and Recommendation, recommending that petitioner's request for an evidentiary hearing and his petition for writ of habeas corpus be denied. Judge Bacharach concluded that the state trial and appellate courts reasonably found that petitioner's guilty plea was voluntary and that his counsel's performance was constitutionally sufficient. The Magistrate Judge further concluded that petitioner's remaining arguments were invalid as a matter of law.

Petitioner has filed an objection to the Report and Recommendation. Petitioner first asserts that his plea was involuntary because, during the plea hearing, he described a "blind

plea" as meaning he could receive "anything from zero to a million years," whereas the "Plea of Guilty and Summary of Facts" that he signed states he could receive anywhere from four years to life in prison. The court finds this argument unpersuasive and agrees with Judge Bacharach that the state courts' findings are reasonable in light of the "Plea of Guilty and Summary of Facts" signed by petitioner, petitioner's original representation during the plea hearing that he had reviewed the documents associated with the plea, and petitioner's description of the nature of the plea which demonstrated that he understood a wide range of sentences could be imposed.

Also, petitioner essentially contends that the assistance of his counsel, Janet Cox, was ineffective because she did not approach his case the same way Traci Rhone, an attorney apparently appointed to represent him after he entered his guilty plea, did. While the court notes that this fact alone would not show deficient representation by counsel, the Magistrate Judge did not address whether counsel's representation was deficient but rather found that any alleged deficiency was not prejudicial. The court concurs with Judge Bacharach's analysis.

Petitioner again argues that insufficient evidence supported his conviction. Even if this assertion were accepted by the court as true, this still would not entitle petitioner to habeas relief. As the Magistrate Judge concluded, petitioner waived all non-jurisdictional challenges to his conviction, including insufficiency of the evidence, when he voluntarily pleaded guilty.

As to his reasserted request for an evidentiary hearing, petitioner does not dispute that

he did not request such a hearing in state court. Further, he has not satisfied the burden laid out in 28 U.S.C. § 2254(e)(2)(A) & (B). Therefore, he is not entitled to an evidentiary hearing.

Accordingly, the Report and Recommendation is **ADOPTED**, petitioner's request for an evidentiary hearing is **DENIED**, and the petition for writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED**.

Dated this 10th day of July, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE